MARTHA A. HALSTED, administratrix, &c.,

*v.*

THOMAS M. TYNG.

1. An order in a suit for an account, " that defendant attend and be examined under oath touching the account," does not authorize or legalize his examination if he is rendered incompetent as a witness by the death of the complainant after the entry of the order and before the examination.

2. In all matters of account, the party who produces vouchers in support of his account, produces them at his peril, and the master is bound to admit them in evidence unless the other side can lay a reasonable ground to show that the voucher in question can be impeached, of which the master is to judge and then to require evidence in regard to it, if he thinks proper. Of course, if the master doubts the payment, he may require proof besides the voucher.

---

On exceptions to master's report. ·

*Mr. C. Borcherling*, for the exceptant.

*Mr. Thomas M. Tyng, in pro. pers.*

THE CHANCELLOR.

By a decree made in this cause on the 29th of June, 1867, in the life-time of the complainant's intestate, Oliver S. Halsted, Jr., who was then· the complainant in the cause, it was

Halsted *v.* Tyng.

decreed that the defendant should, within ten days after the service of a copy of the decree upon him or his solicitor, render to Oliver S. Halsted, Jr., a just and correct account of all the moneys expended by him upon the torpedo-boat and apparatus, which were the subject of the litigation, or relating thereto, for the purpose of completing or testing the boat, with copies of the vouchers, and that it be referred to Staats S. Morris, Esq., one of the masters of this court, to take and state an account between the defendant and Oliver S. Halsted, Jr., of the amount due to the defendant for his said payments, including his commissions, as provided for in the contract between them, and interest thereon, and that within ten days after the rendering of such account the defendant should cause the master to designate a day and place for the purpose, and should appear in person with the original vouchers before the master at such time and place, upon eight days' notice to Oliver S. Halsted, Jr., or his solicitor, and be examined under oath touching such account, and that the master report to this court the sum found due by him with all convenient speed.

Subsequently, and before the account was taken, Mr. Halsted died, and the suit having been after his death revived in the name of his administratrix, the defendant rendered the account in June, 1876, and caused the master to designate a day and place for appearing before him and being examined in reference thereto, and the taking of the account was entered upon by the master according to such appointment. At the taking of the account before the master, the defendant offered himself as a witness, and was sworn and examined in his own behalf. He offered and proved (but only by his own oath) numerous vouchers, and a demand based on them of $6,194.96 with interest, amounting, at the date of the report, to $11,234.78. The defendant relied upon his own testimony (there was no other evidence except that and the vouchers) for the proof of all matters not contained in the vouchers, but which it was necessary to prove; as, for example, to establish the fact that the

Halsted *v.* Tyng.

money had been expended on account of the vessel, where the voucher itself was silent on the subject. The complainant did not call the defendant as a witness, but, by her counsel, objected, both before and after he gave his testimony, to his competency as a witness in his own behalf. She also, by her counsel, objected to the admission of the vouchers as evidence, unless proved by competent evidence. The master having received the testimony of the defendant, and having admitted the vouchers without other proof than the defendant's testimony in regard to them, under objection on the part of the complainant, the complainant declined to produce any evidence, and the master thereupon reported on the evidence as it stood before him, and so referred the question of the competency of the defendant's testimony and the admissibility of the vouchers without other proof than the defendant's testimony, to this court. The defendant, at the time when the account was taken, was not competent to testify in the suit in his own behalf, for Mr. Halsted had died, and the suit stood revived in the name of his personal representative. *Lanning* v. *Lanning, adm'r,* 2 *C. E. Gr.* 228. But he claims that by the terms of the decree he was rendered competent to testify upon the taking of the account in reference to his charges therein. The decree, however, directs not that he shall testify in his own behalf on the accounting, but that he shall "attend and be examined under oath touching the account." When the decree was made the defendant was a competent witness in his own behalf in the cause. The object of the provision just quoted was to secure to the complainant in the cause the opportunity of examining the defendant as to the charges in his account.

As the case then stood, Mr. Halsted being then alive, the defendant was of course competent to testify in his own behalf on such examination. But Mr. Halsted having died, and the suit having been revived in the name of his personal representative when the account was taken, the defendant was not competent to testify for himself in the cause, except

Halsted *v.* Tyng.

as to the loss of an instrument or to prove small items of his account for which he had no voucher, up to a limited amount in the aggregate. If he had been examined by the complainant on the accounting, he might have been cross-examined in his own behalf for the purpose of making explanations or of making such statements as might prevent misunderstanding or rebut any unfair inference that might arise from his answer, but not as to any matter other than such as he might have been examined upon in his examination by the complainant. *Jackson* v. *Jackson's ex'r*, 2 *Gr. Ch.* 96. He could not have been permitted to go out of the facts to which he might have been examined by his adversary and make evidence for himself. *Campbell* v. *Campbell's ex'r*, 4 *Hal. Ch.* 738, 743. The report, so far its conclusion depends on the defendant's testimony, cannot be sustained. The defendant, however, introduced vouchers for almost all of the payments. They were objected to by the complainant's counsel, on the ground that they had not been duly proved, the only proof in reference to them being the defendant's testimony. Vouchers are *prima facie* evidence of disbursements. The rule in respect to the receipt of them on an accounting has been laid down to be, that in all matters of account the party who produces the vouchers in support of the account produces them at his peril, and the master is bound to admit them in evidence, except the other side can lay a reasonable ground to show that the voucher in question can be impeached, of which the master is to judge and then to require evidence in regard to it if he thinks proper. *Hoffman's Office of Masters in Chancery* 81; *Bennet's Pract. in the Master's Office* 85. Of course, if the master doubts the payment, he may require proof besides the voucher. The voucher, however, cannot of itself be sufficient proof of payment if it does not show for what or on what account the money was paid.

There was a mistake as to the law on both sides in this case. The defendant was in error as to his right to testify in his own behalf, and the complainant, as to the incompe-

tency of the vouchers as evidence without proof. Some of the disbursements are of such an amount as not to be provable by the defendant's oath, and the vouchers are of so indefinite a character as not of themselves to be evidence of the defendant's disbursements on account of the boat or its apparatus, but, to that end, require to be supplemented by testimony.

The defendant, probably because of his belief that he could lawfully testify in his own behalf on all points in the accounting, produced no other evidence besides his own testimony and the vouchers. The complainant, on the other hand, through mistake as to the competency of the vouchers as evidence without proof, and under the conviction that they could not be regarded as lawful evidence of themselves of the payments mentioned in them, and believing that the defendant's testimony could not, under the circumstances, lawfully be received in his own behalf, on any point in or in reference to the account, produced no evidence whatever.

The report will be set aside, but without costs.